' Henderson, Chief-Justice.
 

 Erasure avoids a deed wjien ma([e ¡jy títe party claiming a benefit under it,
 
 even if it he in an immaterial
 
 -part; if made by a stranger, in á material part, it also avoids the deed ; if
 
 hj
 
 accident, it does not. Formerly, the court judged of an erasure by inspection — latterly, the jury do. In judging by inspection, the court governed itself as juries do now, by probabilities in the absence of positive proof. If the alteration on the erased part was in the handwriting of the obligee or a stranger, and beneficial to the obligee, the court adjudged it an erasure, that is, an alteration made after the execution, and avoided the deed. If prejudicial to the obligee, the court adjudged it no erasure, that is, made before execution, and did not avoid -the deed. If in'the handwriting of the obligor either way, they adjudged it no erasure, that the alteration was made before execution, and did not avoid the deed. Juries are now governed by the same rules. In the case before us, the date of the bond is altered, and it is made ■payable in 1821, instead of 1820, as it is said, is evident from the erasure not being complete, as appears from an inspection of the deed, and the alteration is in the handwriting of the obligee, and .prejudicial to the obligee ; for he loses one year’s interest. It is payable from the date, or from a fixed period from the date. One of the .rules before mentioned, to wit, that if the alteration is prejudicial to the obligee, though in his handwriting, it .is no erasure, determines this case, as it is presumed that the alteration was made before execution. If the question was to be decided * by -the court, as formerly, wc should.pronounce it to be no erasure, in the absence of all evidence
 
 dehors
 
 the deed, the jury were properly instructed to pronounce it so. The plaintiff has failed in his evidence to prove, if that was his object in putting it „ on l.he record, that the alteration was beneficial to the obi.gee, by showing that he thereby avoided the effect of lvis admissions as to the state of the account against the defendant, by changing the date from 1820 to 1821.
 

 Per Curiam. — Judgment astirmeb-